# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: EMPLOYMENT |

| | |
|---|---|
| Candace Hawthorne, | Court File Number: _____ |
| | Judge: _____ |
| Plaintiff, | |
| v. | SUMMONS |
| Major Mechanical, Inc., a Minnesota corporation. | |
| Defendants. | |

**PLAINTIFF CANDACE HAWTHORNE, TO DEFENDANT MAJOR MECHANICAL, INC.:**

1. **YOU ARE BEING SUED.** Plaintiff has started a lawsuit against you. Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days to the person who signed this summons located at:

>   Andrew D. Parker
>   Parker Daniels Kibort LLC
>   888 Colwell Building
>   123 North Third Street
>   Minneapolis, MN  55401

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

1

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**PARKER DANIELS KIBORT LLC**

Dated: December 1, 2020

By: */s/ Andrew D. Parker*
Andrew D. Parker (MN Bar # 195042)
Christopher A. Young (MN Bar #0288998)
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
T: (612) 355-4100 | Fax: (612) 355-4101
*parker@parkerdk.com*
*young@parkerdk.com*

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: EMPLOYMENT |

| | |
|---|---|
| Candace Hawthorne, | Court File Number: _____ |
| Plaintiff, | Judge: _____ |
| v. | **COMPLAINT** |
| Major Mechanical, Inc., a Minnesota corporation. | |
| Defendants. | |

Plaintiff Candace Hawthorne for her Complaint against Defendant Major Mechanical, Inc., states and alleges as follows:

### I.   PARTIES

1. Plaintiff Candace Hawthorne is a Minnesota resident, residing in Ramsey, Minnesota.

2. Defendant Major Mechanical, Inc. ("Major"), is a Minnesota corporation with its principal place of business in Maple Grove, Minnesota. Major is a contractor specializing in installing plumbing and HVAC systems in hotels, multi-unit housing, and senior living complexes in the Twin Cities Metro area.

### II.   JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute pursuant to Minn. Stat. §484.01, Subd. 1(1).

4. This Court has personal jurisdiction over Major because it is a Minnesota corporation having its principal place of business in Maple Grove, Minnesota.

1

5.      Venue is proper pursuant to Minn. Stat. §542.09 because Major resides in Hennepin County and the transactions or occurrences that give rise to the causes of action in this Complaint occurred in whole or in part in Hennepin County.

### III.     FACTUAL ALLEGATIONS

6.      Major is an employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 203(e)(1), and under the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. Stat. §§177.23 and 177.25.

7.      On or about May 29, 2018, Ms. Hawthorne began working for Major as an Assistant Project Manager/Safety Director. Ms. Hawthorne continues to be employed by Major.

8.      Ms. Hawthorne qualifies as an employee of Major under the FLSA, 29 U.S.C. 203(e)(1), and under the MFLSA, Minn. Stat. §§177.23 and 177.25.

9.      In May 2019, the Minnesota Legislature passed the Minnesota Wage Theft Prevention Act, which, among other things, amended Minn. Stat. §181.032. Specifically, the Wage Theft Prevention Act added subsection (d) to §181.032, requiring that: "[a]t the start of employment, an employer *shall provide* each employee a written notice containing ... the employee's employment status and *whether the employee is exempt from* minimum wage, overtime, ... *and on what basis*." Minn. Stat. §181.032(d)(4) (emphasis added).

10.     On November 13, 2019, Mr. Hawthorne signed a "Minnesota Wage Theft Employee Notice," which also was signed by the Owner and President of Major, Kristen Olson ("Olson"). Among other things, the Wage Theft Employee Notice signed by Ms. Hawthorne and Olson stated that "Employee [Ms. Hawthorne] is non-exempt (entitled to overtime, minimum wage, other protections under Minn. Stat. 177)." A copy of the Wage Theft Employee Notice signed by Ms. Hawthorne and Olson is attached to this Complaint as **Exhibit 1**.

11. At all times since signing the Minnesota Wage Theft Employee Notice in November 2019, Ms. Hawthorne has continued to work in the same role, as an Assistant Project Manager/Safety Director.

12. Ms. Hawthorne's job duties have not changed since she signed the Minnesota Wage Theft Employee Notice in November 2019.

13. Ms. Hawthorne continues to be a "non-exempt" employee. Neither Olson nor anyone else at Major has approached Ms. Hawthorne about signing a revised Minnesota Wage Theft Employee Notice, and she has not signed any such document.

14. Ms. Hawthorne's job duties were consistent with her acknowledged status as a "non-exempt" employee of Major.

15. No full or part-time employees of Major reported to Ms. Hawthorne, and her job duties did not include regularly directing or supervising the work of other full or part-time employees of Major.

16. Ms. Hawthorne did not have the authority to hire or fire Major employees, she did not make recommendations regarding the hiring, firing, or retention of employees, and when she objected to certain terminations as being inconsistent with law, she was ignored.

17. Ms. Hawthorne did not set Major employees' rates of pay or direct the hours employees would work.

18. Ms. Hawthorne did not direct the work of Major employees.

19. Ms. Hawthorn did not maintain production records for use in supervising or controlling Major employees.

20. Ms. Hawthorne did not appraise employees' productivity for purposes of recommending promotions or other changes in employees' status.

21. Ms. Hawthorne did not handle Major employees' complaints and grievances.

22. Ms. Hawthorne did not discipline Major employees.

23. Ms. Hawthorne did not determine techniques to be used by Major employees.

24. Ms. Hawthorne did not apportion work among Major employees.

25. Ms. Hawthorne did not determine the types of materials, supplies, machinery, equipment, or tools to be used by Major employees.

26. Ms. Hawthorne did not control the flow and distribution of materials and supplies relating to Major projects and worksites.

27. Ms. Hawthorne did not plan and control budgets for Major.

28. Ms. Hawthorne did not make decisions about implementing legal compliance measures.

29. Ms. Hawthorne did not exercise discretion and judgment independent of her superiors.

30. Ms. Hawthorne did not have authority to make independent decisions on matters of importance affecting Major's business as a whole or a significant part of Major's business.

31. Ms. Hawthorne did not have authority to deviate from Major policy without approval from her superiors.

32. Despite working as a "non-exempt" employee of Major, Ms. Hawthorne worked significantly more than forty (40) hours virtually every workweek of her employment at Major yet has not been paid overtime.

33. Ms. Hawthorne's work in excess of forty (40) hours per workweek was performed at Major's request and with Major's knowledge.

34. Furthermore, for the vast majority of her tenure as a Major employee, Ms. Hawthorne worked more than forty-eight (48) hours per workweek yet has not been paid overtime.

35. Ms. Hawthorne's work in excess of forty-eight (48) hours per workweek was performed at Major's request and with Major's knowledge.

36. During some weeks, Mr. Hawthorne worked more than 80 hours – twice the limit for payment of overtime under the FLSA – yet was not paid any overtime by Major.

37. In September 2020, Ms. Hawthorne contacted Olson via email about Major's failure to pay overtime and requested overtime back pay dating back to her second week as a Major employee.

38. Olson rejected Ms. Hawthorne's request, asserting that Ms. Hawthorne is "a salaried employee exempt from overtime." Although Minn. Stat. §181.032(d)(4) requires that Major not only provide written notice of Mrs. Hawthorne's overtime exemption status but that it also state "on what basis" that status is determined, Olson did not provide any basis for Major's about-face regarding Ms. Hawthorne's previously acknowledged and legally required "non-exempt" status.

39. All of Major's actions were willful and did not result from mistake or inadvertence.

### IV.   CAUSES OF ACTION

**Count One – Violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.***

40. Ms. Hawthorne restates and realleges all prior paragraphs of this Complaint.

41. The FLSA, 29 U.S.C. §207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

42. Ms. Hawthorne is an employee entitled to FLSA overtime compensation for all hours worked in excess of forty (40) hours per workweek.

43. Ms. Hawthorne almost always worked in excess of forty (40) hours per workweek but did not receive overtime compensation from Major.

44. In denying overtime compensation, Major violated the FLSA.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

46. As a direct and proximate result of Major's unlawful conduct, Ms. Hawthorne has suffered a loss of income and other damages. Ms. Hawthorne is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

### Count Two – Violation of the Minnesota Fair Labor Standards Act, Minn. Stat. §177.21, *et seq.*

47. Ms. Hawthorne restates and realleges all prior paragraphs of this Complaint.

48. The MFLSA, Minn. Stat. §177.25(1), requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty-eight (48) per workweek

49. Ms. Hawthorne is an employee entitled to MFLSA overtime compensation for all hours worked in excess of forty-eight (48) hours per workweek.

50. Ms. Hawthorne routinely worked in excess of forty-eight (48) hours per workweek but did not receive overtime compensation from Major.

51. In denying overtime compensation, Major violated the MFLSA.

52. Major's actions in violation of the MFLSA were willful and not the result of mistake or inadvertence.

53. As a direct and proximate result of Major's unlawful conduct, Ms. Hawthorne has suffered a loss of income and other damages. Ms. Hawthorne is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Candace Hawthorne respectfully prays for a judgment against Defendant Major Mechanical, Inc. as follows:

1. For a judgment against Major for an amount equal to Ms. Hawthorne's unpaid back overtime wages;

2. Judgment against Major that its violations of the FLSA were willful;

3. Judgment against Major that its violations of the MFLSA were willful and/or repeated violations;

4. For an award of an equal amount to the unpaid back overtime wages as liquidated damages;

5. For an award of prejudgment interest;

6. For levy of all available civil penalties;

7. Equitable relief as permitted by law and equity, including restitution, reformation and attaching, impounding or imposing a constructive trust upon, or otherwise restricting the proceeds of Major's ill-gotten funds to ensure Ms. Hawthorne has an effective remedy; and

8. For all such other, further, and different relief as the Court deems fair, just, and equitable.

**PARKER DANIELS KIBORT LLC**

Dated: December 1, 2020

By: */s/ Andrew D. Parker*
Andrew D. Parker (MN Bar # 195042)
Christopher A. Young (MN Bar #0288998)
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
T: (612) 355-4100 | Fax: (612) 355-4101
*parker@parkerdk.com*
*young@parkerdk.com*

**ATTORNEYS FOR PLAINTIFF**

**ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211 subd. 2 to the party against whom the allegations in this pleading are asserted.

*/s/ Andrew D. Parker*
Andrew D. Parker

# EXHIBIT 1

# Minnesota Wage Theft Employee Notice
## Building Trades – Corporate Employees

| | |
|---|---|
| Employee: | **HAWTHORNE, CANDACE** |
| Mailing address: | **619 GENEVA AVE, OAKDALE MN 55128** |
| Phone number: | **651.354.4552** |
| First day of employment: | **5/29/2018** |
| Email address: | *Candace.hawthorne22@gmail.com* (handwritten) |
| Job Description: | Asst PM / Safety Dir. (handwritten) |
| Legal name of employer: | MAJOR MECHANICAL, INC. |
| Main office/principal place of business address: | 11201 86TH AVENUE NORTH • MAPLE GROVE, MN 55369 |
| Employer Phone number: | (763) 424-6680 |
| Email address: | info@majormech.com |

**Employment status (exempt or non-exempt):**
☒ Employee is non-exempt (entitled to overtime, minimum wage, other protections under Minn. Stat. 177)

**Wage Rates:**
Non-Union employees should refer to acceptance letter issued by Kristen Olson.

**Overtime pay:**
See acceptance letter.

**Travel allowances and reimbursements:**
Pursuant to acceptance letter.
Note: All reimbursements must be accompanied by a copy of the receipt. Reimbursements will be paid on the following pay period after submittal. All receipts must be labeled with both employee and job name.

**Other information relevant to pay:**
Job advancements/raises will be paid up to 31 days after qualifying per contract. Commissions paid up to three months after date earned. Parameters to be set by Kristen Olson.

**Leave benefits (PTO, Holidays), if any:**
The Employee will be entitled to _____ days of Paid Time Off (PTO) each year according to the terms in your acceptance letter, or as entitled by law, whichever is greater. Unused PTO does not roll to the next year. Upon termination of employment, Employer will compensate the Employee for any unused PTO. All time off requests must be approved by management and reported to HR prior to leave. PTO will be pro-rated depending on start date.
Employees will also be entitled to the following paid holidays: New Years Day, Memorial Day, 4th of July, Labor Day, Thanksgiving Day, and Christmas Day. If the holiday falls on a Satruday, the office will be closed the Friday before. If the holiday falls on a Sunday, the office will be closed the Monday after.

**How benefits are accrued:**
Per acceptance letter.
☒ per month ☐ per pay period ☐ per hours worked

**Deductions from an employee's pay could include:**
1. State and federal payroll taxes
2. Insurance
3. Court-ordered deductions or wage levies and garnishments.
4. Simple IRA/401K as designated by employee, if any
Additional deduction amounts are specified in the Labor Agreement and wage rate sheet.

| Number of days in the pay period: | Regularly scheduled payday: |
|---|---|
| Work week constitutes Monday - Sunday | Wednesday (unless bank holiday) |

**Date employee will receive first payment of wages earned:** N/A

**Other information relevant to this position:**
All absences must be reported to management as well as HR. See manager for additional work related information.

I, the employee, have received a copy of this notice: ☒ Yes ☐ No

| Employee Signature: | Date: | Employer Representative Signature: | Date: |
|---|---|---|---|
| *(signed)* | 11/13/19 | *Kristen Olson (signed)* | 11/13/19 |