UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Candace Hawthorne, | Case No. 20-cv-2645 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Major Mechanical, Inc., | |
| Defendant. | |

Before the Court is the parties' joint motion to approve settlement of a claim brought pursuant to the Fair Labor Standards Act (FLSA). (Dkt. 31.) For the reasons addressed below, the motion is granted.

## BACKGROUND

Plaintiff Candace Hawthorne is a Minnesota resident who, at all times relevant to this lawsuit, worked as an Assistant Project Manager/Safety Director for Defendant Major Mechanical, Inc. (Major Mechanical). Major Mechanical is a Minnesota corporation that installs plumbing and HVAC systems. Hawthorne commenced this action in December 2020 and filed the now-operative amended complaint in February 2021, alleging violations of FLSA and other federal and state statutes.

The parties reached a settlement after a settlement conference held before United States Magistrate Judge Becky R. Thorson. On July 13, 2021, the parties filed a joint stipulation seeking the Court's approval of the parties' agreement to settle Count One of the eight-count amended complaint. On October 6, 2021, the Court issued an order to

show cause why the Court should not reject the parties' stipulation for lack of sufficient evidence that the proposed settlement is fair and equitable. The parties now move the Court to approve the settlement and dismiss the action in its entirety.

## ANALYSIS

The United States Court of Appeals for the Eighth Circuit has declined to decide whether judicial approval is required for all FLSA settlements. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).[1] The Court assumes without deciding that its approval is required.

"When a district court reviews a proposed FLSA settlement, it may approve the settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982) (holding that a district court evaluating an FLSA settlement must "scrutinize[e] the settlement for fairness"). A settlement involves a bona fide dispute when it involves issues that are actually in dispute. *Stainbrook*, 239 F. Supp. 3d at 1126. "To determine whether settlement terms are fair and equitable to all parties, a district court may consider a multitude of factors, including (1) the stage of the litigation and the amount of discovery

---

[1] "There is a circuit split on whether to extend older Supreme Court cases so as to require judicial approval of *all* FLSA settlements. A pair of cases from the 1940s require judicial approval for some releases of FLSA claims, but those cases left open the question of whether the FLSA requires judicial approval to settle bona fide disputes over hours worked or wages owed." *Barbee*, 927 F.3d at 1026. The Eighth Circuit has "never taken a side on this issue." *Id.* at 1027.

exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case." *Id.* [2]

In her complaint, Hawthorne alleges that she is a non-exempt employee under the FLSA, and that Major Mechanical owes her unpaid overtime wages. Major Mechanical denies that it owes Hawthorne any wages or damages. Accordingly, the parties have established that the litigation involves a bona fide dispute.

The parties represent that they exchanged more than 5,000 pages of documents and numerous recordings pursuant to written discovery requests. The parties participated in a nearly eleven-hour settlement conference before the magistrate judge and represent that they engaged in extensive settlement negotiations before the settlement conference as well. Both Hawthorne and Major Mechanical are represented by counsel with extensive experience in complex employment litigation. The parties disagree as to Hawthorne's likelihood of success on the merits but agree that a settlement is reasonable given the uncertainty and delay inherent in proceeding to trial. The magistrate judge mediated the parties' settlement, which supports the parties' assertion that the settlement was the product of arm's-length negotiations and did not involve overreaching by the employer. *See Netzel v. W. Shore Grp., Inc.*, No. 16-cv-2552 (RHK/LIB), 2017 WL 1906955, at *6

---

[2] Court approval of settled attorneys' fees is not required. *See Barbee*, 927 F.3d at 1027.

(D. Minn. May 8, 2017) ("Courts have held that negotiations involving counsel and a mediator, like the present case, raise a presumption of reasonableness.").

Accordingly, the parties have established that the settlement agreement is fair and equitable to all parties.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. The parties' motion for approval of settlement, (Dkt. 31), is **GRANTED**.

2. The matter is **DISMISSED WITH PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 16, 2021            s/Wilhelmina M. Wright
                                     Wilhelmina M. Wright
                                     United States District Judge